Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Blvd.
Los Angeles, CA 90038
Tel: 323.962.3777
Fax: 323.962.3004
E-mail: aharris@harrisandruble.com; atreanor@harrisandruble.com

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
OCT 18 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KELLY CLEAR, individually and on behalf of all others similarly situated,

Plaintiffs

v.

RECESS FILM PRODUCTIONS, LLC, GIGAPIX STUDIOS, INC., DAVID PRITCHARD, CORNFIELDS PROCESSING SERVICES, INC., and Doe One through and including Doe One-Hundred,

Defendants.

Case No: CV10-00209 SVW (PLAx)

**[~~PROPOSED~~] ORDER AND JUDGMENT OF FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

Assigned to the Honorable Stephen V. Wilson, Courtroom 6

Date: October 18, 2010
Time: 1:30 p.m.
Place: Courtroom 6
312 North Spring Street
Los Angeles, CA 90012

Filed in State Court December 4, 2009
Removed January 12, 2010
FSC: N/A
Trial: N/A

-, 2010, at 1:30 p.m., the Court, the Honorable Stephen V. Wilson presiding, conducted a final settlement hearing and heard Plaintiff Kelly Clear's ("Plaintiff") application for final approval of the Settlement set forth in the "Settlement Agreement and Release" (the "Settlement") between Plaintiff, on the one hand, and Defendants Recess Film Productions, LLC ("Recess"), Gigapix Studios, Inc. ("Gigapix"), David Pritchard ("Pritchard"), Cornfields Processing Services, Inc. ("Cornfields"), and non-defendant Greenfields Processing Services, Inc. ("Greenfields"), on the other. Capitalized terms in this Order shall have the definitions set forth in the Settlement. The Court has considered all papers filed, and the other information presented, and based on those papers and information presented, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all members of the Settlement Class, proceeding as a class action under Federal Rule of Civil Procedure 23 and collective action under the federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

2. The "Settlement Class" is defined as:

> All natural persons who worked as a crewmember and/or were tendered a paycheck in connection with the production of the motion picture "Blackbeard" aka "The Return of Captain Kidd" in or around 2009 (the "Production"), and were not timely paid all of his or her wages in connection with the Production."

All persons who fall within the definition of the Settlement Class but who timely requested to be excluded from the Settlement are not included in the Settlement Class.

3. The Court hereby approves the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. In making the determination that the Settlement is fair, reasonable and adequate and should be approved, the Court has considered (i) the strengths and weaknesses in Plaintiff's case, (ii) the risks, expense, complexity and likely duration of further litigation, (iii) the risks to

Plaintiff of establishing and maintaining class and collective-action status, (iv) the monetary amount of the settlement, including the amounts of the individual payments that will be made to participating Settlement Class Members, (v) the extent of informal and formal discovery that has been conducted by the parties, (vi) the views of the parties' respective counsel, and (vii) the absence of any objection whatsoever.

4. The Court determines that the notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice.

5. The Settlement Class, including Plaintiff and all the Settlement Class Members who have not submitted a valid and timely request for exclusion (and so who are not "Opt Outs"), shall be deemed conclusively to have made the following releases against Defendants Recess, Gigapix, Pritchard, Cornfields, and non-defendant Greenfields (collectively, "Released Persons"):

> Any and all causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, whether based on federal, state or local statute, common law, ordinance, or regulation, or any other source (including "Unknown Claims"), known or unknown, previously asserted or not, whether or not concealed or hidden, that have been, could have been, may be or could be alleged in the Clear Action by a Class Member, relating to claims for violation of any Federal, State, or local, law regulation, statute, ordinance, or other rule, including but not limited to the Fair Labor Standards Act, Iowa's Wage Payment Collection Law and minimum wage laws (Iowa Code Sections 91A and 91D, *et. seq.*), California Labor Code, including but not limited to, Sections 201–203, 226, 510, 1194, and 2698 *et seq.* (and related Wage Orders), Business and Professions Code Section 17200 *et seq.*, and claims for recovery of statutory penalties and/or attorneys' fees under California Labor Code, Sections 203, 226, 1194, and 2698 *et seq.*, any Wage Order of the Industrial Welfare Commission, and

California Code of Civil Procedure, Section 1021.5, that arise from acts or omissions of the Released Persons occurring from the beginning of time up to the Effective Date, including but not limited to claims for unpaid wages, overtime, premium wages, penalties, interest, or attorneys' fees. For those Class Notice Recipients who do not return a Claim Form that includes express consent to join an FLSA collective action, the Released Claims shall expressly exclude the FLSA claims alleged in the Clear Action for alleged failure to pay minimum wage and/or overtime compensation under the FLSA, but shall continue to include all other Released Claims described above.

6. The Court hereby awards $120,000 in reasonable attorneys' fees and costs to Harris & Ruble.

7. The Court approves a class representative enhancement fee to Plaintiff Kelly Clear in the amount of $4,000.

8. Recess is ordered to make the payments pursuant to the terms of the Settlement. If Recess fails to make the payments as set forth in Section 5.3(B) of the Settlement, this action shall continue as though there had been no settlement. Any deposit amount Recess has made with the Claims Administrator, up to $200,000, shall be used to pay the wage claims of authorized claimants and Class Counsel's attorneys' fees and costs, as approved by the Court, on a pro rata basis. Recess shall have credit for the amount deposited with the Claims Administrator and distributed to authorized Claimants and Class Counsel.

9. The Claims Administrator is hereby ordered to make payments pursuant to the terms of this Order and the Settlement.

10. The entire Litigation, including any claims asserted by any of the named Plaintiff, and all claims asserted by Settlement Class Members who have not filed timely and valid requests for exclusion, are hereby dismissed with prejudice. The parties shall

bear all their own costs and attorneys' fees, except as otherwise set forth in the Settlement or this Judgment and Order.

11. The Court reserves jurisdiction, without affecting the finality of this Judgment and Judgment, over:

(a) Implementation of the Settlement; and

(b) Enforcing and administering the Settlement.

12. Notice of this Judgment has been given to the Settlement Class Members through the Class Notice. Notice of Entry of this Judgment may be served on the Settlement Class through service upon Class Counsel.

Dated: October 18, 2010

The Honorable Stephen V. Wilson
United States District Court Judge